Southard J.
One Thomas Stevens, voluntarily appeared before the justice, and confessed a judgment to Isaac Johnson; no affidavit being made by Johnson to justify or authorise it; on the 22nd January 1818, the justice issued an execution, and put it into the hands of John the defendant m certiorari, who was a constable ; he did not go to the house of Stevens to make a levy, but on 24th of January, saw him from home and received from him a list of certain goods, which were left in his possession.
Anotlier judgment, after the service of process, entered by the same justice, against the same defendant; on the 17tli of January 1818, the execution put into the hands of Stacy Oliver, who made a regular levy on, and sale of the same goods.
It does not appear by the record, which execution was first issued and came into the hands of the officer; but from the course of the trial, it is to be presumed fairly, that the execution came first to Applegate, and that he made his list of goods before Oliver made his levy: and believing that he was in possession of and entitled to the goods, under the writ which he held, he brought this action against Oliver, for taking and selling them. It is a contest between two constables, each maintaining a right to the goods, in virtue of the execution which he held. Apple-gate was successful, and recovered 42 dollars and 25 cents, of damages.
It is objected to this judgment, that Applegate had no right to maintain his suit. 1. Because the judgment which ivas the foundation of the execution in his hands was void, and could be the foundation of no rights. 2. Because he (Applegate) never made a levy on the goods, *552 nor had them in his possession, but that diver did make - a levy and was legally entitled to hold them.
1. Upon the first point, it is manifest that the judgment against Stevens in favour of Johnson, was directly opposed to the provisions of our act, to prevent the fraudulent confession of judgments. It was therefore, by virtue of that act, void, not a valid judgment. As such, no execution issued upon it, could give an of*ficer, such a right of property or possession in the goods of the defendant, as would support a claim against any one, who had by any means come lawfully into 'the possession of them. As against Oliver, Applegate had no rights.
2. It has, more than once, been decided that an officer need not remove the goods, but may make the defendant his store-keeper, at his own responsibility: it is also true, that the mere fact of seeing the goods when he makes the levy, can add nothing to his rights or his responsibilities. (a) It is the possession of the writ which confers these rights and creates these responsibilities. They commence when he receives the writ. The goods are bound from the receipt of it: and the officer for his own safety ought speedily to see and inventory them, and take the necessary measures for their safe-keeping. But if he neglect this, it gives a subsequent writ, in the hands of another officer, no preference. Applegate, if the execution first came to his hands had a right to the goods, and no act of Oliver’s could divest that right.
Kirkpatrick C. J.
I am hot willing to go so far as my brother Southard has gone in this case, and to say that the judgment against Stevens in favour of Johnson is void. The act to prevent the fraudulent confession of judgments does not say so.
If a justice should enter a final judgment without bringing the defendant’s note into court by process or otherwise, or if he should enter such judgment by default, without a hearing upon the merits or without the verdict of a jury, when a jury had been lawfully demanded by either party, such judgment would be unlawfully entered, *553 and be voidable by a proper tribunal, but I believe it would not be absolutely void. So here, this judgment favour of Johnson being entered without the affidavit prescribed by the act to prevent the fraudulent confession of judgments, though unlawfully entered, is not therefore absolutely void, but in order to make it so there must be the intervention of some competent judicatory. The subject matter is within the jurisdiction of the justice; he has recorded his judgment upon it, and it is not for ministerial officers, or others who may think themselves aggrieved, to pronounce it void.
But yet that judgment is not only irregularly and unlawfully entered, but upon a fair construction of the act, it may be considered as fraudulent also, and therefore, in its very nature void *as against bona fide creditors. The defendant in the cause before us, has set up this fraud in his defence, and has brought it before the jury as a matter in pais, as it was proper for him to do ; for questions of fraud being mixed questions, partly of law and partly of fact, must always be determined by the jury and not by the judges; (a) and the jury have found for the plaintiffs, and of course they have found in favour of Johnson’s judgment and against the fraud alleged. This verdict is manifestly founded in mistake, for the plaintiff, on the trial, having admitted that the judgment upon which the execution was issued, had been entered without the necessary affidavit, the jury were bound by that admission, and such a judgment being in construction of law fraudulent, they ought so to have found it. And whether the law upon this subject was declared and given them in charge by the justice, or they undertook to decide it for themselves, makes no difference, still it is a verdict against law. If this proceeding, therefore, were in one of the higher courts, this verdict, manifestly founded in mistake and against law, would be set aside.
But inasmuch as the justices do not possess the power *554 of setting aside verdicts -and granting new trials, this court, in order that there may not be a failure of justice, have, in such cases interfered and set aside the judgment itself, founded upon such verdict, leaving it to the party to take such further steps as his case may warrant. And upon this principle, I think this judgment must be reversed. »
As to the other question, whether the mere delivery of the execution to the constable gave him such an interest in the goods of the defendant, or such a possession of them as to enable him to maintain trover, (a) I shall not inquire into it at present, the ground before stated being, in my opinion, sufficient for the reversal of the judgment.

 Newell vs. Sibley, 1 South. 381. See Lloyd vs. Wyckoff, 6 Hal. 226. Brewster vs. Vail, Spen. 57. Caldwell vs. Fifield, 4 Zab. 150.

 Den. Inskeep vs. Lecony, Coxe 39. Hendricks ads. Mount, post 738_ Cole vs. Taylor, 2 Zab. 59. Miller ads. Pancoast, 5 Dutch. 250. Reford vs. Cramer, 1 Vr. 250. See Van Pelt vs. Veghte, 2 Gr. 207. Cook vs. Johnson, 1 Beas. 52. Belford vs. Crane, 1 C. E. Gr. 265.

 Casher vs. Peterson, 1 South. 317.